[Docket No. 10]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

GEORGE W. BOULDEN,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.

Civil No. 07-4343(RMB)

**MEMORANDUM AND ORDER**

This matter comes before the COURT upon a motion for attorney's fees by the plaintiff, George Boulden (the "Plaintiff"). In this action, Plaintiff sought review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denying Plaintiff's application for disability insurance benefits. On July 18, 2008, the COURT vacated the Commissioner's decision and remanded the case, based upon two ambiguities in the record below. [Docket No. 8.] That ruling gave rise to the herein-considered motion.

Section 2412(d) of the Equal Access to Justice Act ("EAJA") provides that a court may award attorney's fees and other expenses incurred to a prevailing party in certain civil actions against the United States "unless the court finds that the

1

position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is considered to be "substantially justified" when it is "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." Morgan v. Perry, 142 F.3d 670, 682 (3d Cir. 1988) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). In other words, "the government's position is substantially justified 'if it has a reasonable basis in both law and fact.'" Id. (quoting Hanover Potato Products, Inc. v. Shalala, 989 F.2d at 128). The government bears the burden of establishing that there is a reasonable basis for the theory it propounded. Id.

The July 18, 2008 OPINION discusses the relevant factual background and controlling law in detail, and the COURT need not repeat that discussion here. By way of summary, the COURT identified two ambiguities in the Commissioner's decision that justified a remand. First, it was "unclear whether the ALJ properly considered Plaintiff's cardiac impairments when he determined that Plaintiff could return to his past relevant work," as required by SSR 82-62. (Op. at 32.) And second, the record was ambiguous as to whether Plaintiff's exertional limitations -- specifically, the sustained periods for which Plaintiff is able to stand and sit -- were consistent with the demands of his past relevant work as a clerk. (Op. at 30-32.)

2

As to both of these bases for the COURT's decision to remand, Defendant pointed to evidence in the record in support of the Commissioner's decision.  First, Defendant identified evidence in the record suggesting that the ALJ had indeed considered Plaintiff's asserted impairments, but nonetheless found Plaintiff's testimony to be lacking credibility.  Second, Defendant identified evidence in the record suggesting that the Vocational Expert's testimony had taken into account Plaintiff's exertional limitations.  Although the COURT ultimately found Defendant's interpretation of the record to be unconvincing, it was certainly not unreasonable.  Thus, the COURT holds that there is a reasonable basis for the position advocated by Defendant and award of attorney's fees is therefore unwarranted.

Accordingly,

IT IS on this, the **8th** day of **April** **2009**, hereby

**ORDERED** that the motion for attorney's fees is **DENIED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

3